

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. O-3106
Re: Articles 335 and 339, R.C.S.,
County attorney not entitled
to commissions under facts
stated.

Your request for opinion has been received and carefully considered. We quote from your request as follows:

"As County Attorney of Lee County, I should like to be advised as to the following.

"After the Annual Accounts were filed in 1940 and the Commissioner's Court considered the approval of same, I secured the opinion of your department in regard to Salary of the Assessor-Collector. A Special Law had been previously passed raiseing his salary from $3000.00 to $4000.00. Upon being advised that the law was unconstitutional, I so advised the Commissioner's Court. The Commissioner's Court then would not approve the account. The Assessor Collector then sued the Commissioner's court in District in form of Certiorari to review the action of the Commissioner's Court. As the matter devolved around the constitutionality of a Statute and the Commissioner's court did not care to hurt the officer's standing, he consented to bringing this suit against the county, to have the matter adjudicated.

"In a trial in the District Court, I, as County Attorney, represented the county. The

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable M. F. Kieke, Page 2

District Court held that the commissioner's
court had improperly rejected one or two
smaller items as expense of office, but
held that it has properly acted on the
matter of the $4,000.00 salary. (I am
attaching a copy of the judgment.)

"The Officer gave notice of appeal,
but later paid into the county treasury
approximately $1,000.00, representing the
money which was due the County after the
court held the Special Law raising his
salary unconstitutional.

"Under the circumstances, am I en-
titled to the 10% provided for in Article
#335 of the 1925 Revised Civil Statutes of
Texas?

"In your opinion No. 0-665 you seem to
indicate that I am. In your Opinion 0-2410
you hold that it is necessary that suit
must be brought! In the instant case a suit
was brought, although, under the circumstances,
by agreement, it was instituted by the Offi-
cer. It is my opinion that in the fore-
going situation the requirement of Art. 339
which states 'He shall institute such pro-
ceedings as are necessary to compel the
performance of such duties - -' was met by
a suit, although not filed by me."

Under the holding of our opinion No. 0-2410 (Con-
ference Opinion No. 0-3105) which overrules that portion
of opinion No. 0-665 of this department applicable to the
question herein, it is our opinion that your question should
be answered in the negative and it is so answered.

We enclose herewith a copy of opinion No. 0-2410
for your information.

We wish to point out, however, that it was not the
duty of the county attorney to defend the suit against

Honorable M. F. Kieke, Page 3

the Commissioners' Court and that the Commissioners' Court would have authority to pay him a reasonable fee for the defense of said suit. See the case of City National Bank v. Presidio County, 26 S. W. 777, which holds that it is not the legal duty of the county attorney to represent the county in suits affecting its interest and the case of Jones v. Veltman, 171 S. W. 891, which holds that Commissioners' Courts have authority to employ county attorneys to represent the county in pending suits.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED FEB 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:CO

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN